# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**TYLER DEVANEY,**

        **Defendant.**

**FILED UNDER SEAL**
**CASE NO.  6:24-cr-10145-JWB**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 846]**

Beginning on a date unknown and continuing through November 5, 2024, in the District of Kansas, and elsewhere, the defendant,

**TYLER DEVANEY,**

knowingly and intentionally combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendant TYLER DEVANEY, his conduct as a member of the conspiracy charged in this Count, includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 2

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on a date unknown, and continuing through on or about October 22, 2024, in the District of Kansas, the defendant,

**TYLER DEVANEY,**

did unlawfully and knowingly use and maintain a place located at 1306 N. Richmond Circle in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, methamphetamine.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## COUNT 3

**POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**
**[21 U.S.C. § 841(a)]**

On or about October 22, 2024, in the District of Kansas, and elsewhere, the defendant,

**TYLER DEVANEY,**

knowingly and intentionally possessed with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about October 22, 2024, in the District of Kansas, the defendant,

**TYLER DEVANEY,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)]**

On or about October 22, 2024, in the District of Kansas, the defendant,

**TYLER DEVANEY,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm, that is, (i) a Radical Firearms LLC, model RF-15, 5.56 caliber firearm (Any Other Weapon), (ii) a HS Produkt, model Hellcat, 9x19 caliber pistol; and (iii) a Glock, model 27, .40 caliber pistol, said firearms having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE NOTICE

1. The allegations contained in 1-5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the offenses set forth in Counts 1-5 of this Indictment, the defendant,

**TYLER DEVANEY,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

        A.     A Radical Firearms LLC, model RF-15, 5.56 caliber firearm;

        B.     A HS Produkt, model Hellcat, 9x19 caliber pistol;

        C.     A Glock, model 27, .40 caliber pistol; and

        D.     Ammunition.

3.    Upon conviction of one or more of the offenses set forth in Counts 1-3, the defendant,

**TYLER DEVANEY** (Counts 1-3)**,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

        A.     A Radical Firearms LLC, model RF-15, 5.56 caliber firearm;

        B.     A HS Produkt, model Hellcat, 9x19 caliber pistol;

        C.     A Glock, model 27, .40 caliber pistol; and

        D.     Ammunition.

A TRUE BILL.

November 26, 2024                s/Foreperson
DATE                                      FOREPERSON OF THE GRAND JURY

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: debra.barnett@usdoj.gov
Ks. S. Ct. No. 12729

> IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

## Counts 1, 3 [21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846]

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20,000,000.00 million.  21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## Counts 2 [Maintaining Drug Premises]

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $500,000.  21 U.S.C. § 856(b).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 4: 18 U.S.C. § 924(c) [possession]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii). If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life. 18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 5: Felon in Possession of a Firearm**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.